645 A.2d 302

**Norman GOODRICH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHENANGO CHINA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 6, 1994.

Decided June 20, 1994.

Gabriel P. Cilli and leAnn A. Fulena, for petitioner.

James P. Coletta, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Norman Goodrich petitions this Court for review of a Workmen's Compensation Appeal Board (Board) order reversing the referee's decision finding his reinstatement petition timely and awarding him temporary total disability benefits as of January 4, 1990.

The referee found the following pertinent facts:

Goodrich injured his left shoulder while in the course of his employment on March 3, 1976. After receiving total disability benefits for a time, he was paid partial disability benefits for an aggregate period of 208½ weeks. Thereafter, his compensation was suspended for an aggregate period of 488⅞ weeks, through May 13, 1991. On that date, Goodrich filed for reinstatement of his benefits, alleging that he could no longer use his left arm. The reinstatement petition was later amended, alleging that his benefits should be reinstated as of January 4, 1990. Service of that petition was made upon defendant Shenango China (Employer) and the case was assigned to Referee Albert E. Wehan III. Employer filed an answer denying the petition's material allegations on June 18, 1991.

In October of 1992, the case was reassigned to Referee David Cicola, without objection. On October 30, 1992, Employer amended its answer to include the allegation that Goodrich's petition was time-barred. Over Goodrich's objection, Referee Cicola considered the statute of limitations question. He then decided that Goodrich's petition was not barred by the time limitation provision of Section 413 of The Pennsylvania Workers' Compensation Act (Act), 77 P.S. § 772,[1] relat-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.
   Section 413 provides:
   A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or

ing to the period during which payments under an agreement or award could be resumed after a suspension due to wage earnings equal to or greater than a claimant's pre-injury wage. He also decided that Goodrich's left shoulder condition had worsened and that Goodrich was totally disabled as of January 4, 1990. (Referee's Findings of Fact, Nos. 1–6, 11 and 16, dated February 19, 1993.) The referee ordered a reinstatement of temporary total disability benefits beginning January 4, 1990 and continuing indefinitely.

Employer appealed from this decision and the Board reversed, holding that Goodrich's reinstatement petition was not timely. Goodrich's appeal to this Court followed.[2]

The sole issue Goodrich raises for our review is whether the Board erred in reversing the referee's decision that his reinstatement petition was timely. Specifically, Goodrich asserts that, pursuant to section 413, he had 9.6 years or 500 weeks *from the time his benefits were suspended* to file his petition, even though he had already received 208½ weeks of partial disability benefits. Goodrich argues that his claim was timely because his partial disability benefits were not "suspended for an aggregate period in excess of 500 weeks prior to the date of filing of the Petition...." (Petitioner's brief, p. 1.)[3]

upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition: ... *And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.*

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Goodrich's benefits were suspended due to "economic factors" and not his physical disability. The November 19, 1984 agreement sus-

Employer counters, however, that Goodrich had only 291⁶⁄₇ weeks from the time his partial disability benefits were suspended to file a reinstatement petition, because that was the time which remained of the 500–week statutory period for partial disability. Thus, the argument goes, Goodrich was barred from filing a reinstatement petition after March 24, 1989—which is 291⁶⁄₇ weeks after the suspension of his benefits effective August 21, 1983.

Finding of Fact No. 16, which is more properly a conclusion of law, states:

This Referee finds that the petition is timely filed. In making this finding, this Referee reads the relevant portion of Section 413 to incorporate the 500 week partial disability period contained in Section 306(b) [4] as the period of suspension during which the claimant may seek reinstatement. Since the claimant's benefits have not been suspended for an aggregate period in excess of 500 weeks prior to the date of filing of the petition (5/13/91), the limitations period had not expired as of that date. The payments of partial disability benefits cannot operate to reduce this limitations period in view of [*D & T Brooks, Inc. v. Workmen's Compensation Appeal Board*], 38 Pa.Commonwealth Ct. 223, 392 A.2d 895 (1978)]. In that case, the Commonwealth Court held that periods of suspension are not to be included in calculating the maximum number of weeks of partial disability benefits remaining available to a claimant. The court's reasoning was that a "period of suspension inures entirely the [sic] benefit of the employer and he should not thus be heard to complain of [sic] subsequently within the statutory time for payment, the change [sic] status of the employee's earning power revises [sic] liability." (At 227, 392 A.2d [at] 898) Since the suspension of benefits from August 21, 1983 would not, under the *Brooks* holding, shorten the period for which partial disability is payable to

pending Goodrich's benefits as of August 21, 1983 provided that there had been an overpayment made to him.

4. Pursuant to Section 306(b) of the Act, 77 P.S. § 512, the statutory period for partial disability is up to 500 weeks.

the claimant, this Referee can see no reason why the payment of partial disability benefits shortens the limitation period available to a claimant whose benefits are suspended. (Footnote added.)

We have read *D & T Brooks, Inc.* and are convinced that it does not support the result that the referee reached in this matter. There, the claimant's benefits were suspended because he had returned to work without a loss of earning power. The claimant had received 34½ weeks of partial disability benefits at the time his reinstatement petition was filed and, using the 350-week statutory period for partial disability applicable in that case,[5] we concluded that 312½ weeks remained during which compensation could be reinstituted under the referee's order.

Contrary to Goodrich's assessment, we did not determine that, despite the payment of some partial disability benefits prior to the suspension, since periods of suspension are not to be considered when calculating the period for which partial disability may be paid, the claimant had 350 weeks from the time his benefits were suspended to file a reinstatement petition. Rather, we decided that because suspensions for economic reasons benefit an employer, it cannot object if a claimant's subsequent loss of earning power reinvokes its liability "within the statutory time for payment." *Id.* at 228, 392 A.2d at 898.[6]

Section 413 affords in pertinent part "That where compensation has been suspended because the employee's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at *any time during the period for which compensation for partial disability is payable* . . . . Moreover, section 306(b) is clear that the statutory period for partial disability is "not

5. Before the May 1, 1972 amendment to section 306(b), the statutory period for partial disability was 350 weeks. *D & T Brooks, Inc., Id.* at 226, n. 4, 392 A.2d at 897, n. 4.

6. *Accord Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici),* 96 Pa.Commonwealth Ct. 208, 214, 506 A.2d 1357, 1360 (1986).

more than" 500 weeks. These two sections, when read together, contravene Goodrich's contention that he had 500 weeks from the suspension of his partial disability benefits to file a reinstatement petition; otherwise, payments could be resumed beyond the statutory period for partial disability.

We are best able to illustrate our meaning by using Employer's example. Goodrich's assertion is tantamount to arguing that "if a claimant received partial disability payments for 499 weeks and then entered into a suspension, the claimant now [has] an additional 500 weeks or 9.6 years in which to file a Petition for Reinstatement of total benefits." (Respondent's brief, p. 4.) We agree with Employer that the result of such an interpretation cannot be justified either by the Act or the case law interpreting it since, as we have already said, the statutory period for partial disability does not extend beyond 500 weeks.

The other cases Goodrich cites to us—*Pennsylvania Power Company v. Workmen's Compensation Appeal Board (Conner)*, 129 Pa.Commonwealth Ct. 224, 565 A.2d 206 (1989) and *USX Corporation v. Workmen's Compensation Appeal Board (Guthrie)*, 132 Pa.Commonwealth Ct. 54, 571 A.2d 1112 (1990)—do not strengthen his position. As Employer points out, *Pennsylvania Power Company* does not purport to concern claimants who received partial disability benefits prior to suspension and reinstatement, and so the 500–week statutory period went undiminished therein. *USX Corporation*, on the other hand, involved the three-year time limitation of section 413 and is distinguishable for that reason.

Because we agree with the Board's determination that, pursuant to section 413, Goodrich had only 291⁵⁄₇ weeks after the suspension of his benefits to timely file a reinstatement petition, we affirm.

## ORDER

AND NOW, this 20th day of June, 1994, the order of the Workmen's Compensation Appeal Board, No. A–93–0702, dated December 13, 1993, is affirmed.