646 A.2d 47

**Joseph MAZUKA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BECHTEL POWER CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 18, 1994.

Decided July 18, 1994.

Clement E. Kosailus, for petitioner.

Lisa A. Welkey and Ralph J. Johnston, Jr., for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Joseph Mazuka (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's [1] decision denying Claimant's Petition for Reinstatement of benefits because the petition was time barred by the applicable statute of limitations. We reverse and remand.

Claimant sustained a work-related injury on August 12, 1980 in the nature of an open skull fracture, a fractured right hand and wrist and a fractured left wrist. Pursuant to a Notice of Compensation Payable, Bechtel Power Corporation (Employer) paid benefits to Claimant until June of 1982 when the parties executed a Supplemental Agreement suspending compensation because although Claimant still suffered residual impairment from his work-related injury, he had returned to work at wages equal to or greater than his pre-injury wage.

Claimant filed a Petition for Reinstatement of Compensation on March 15, 1984, alleging that he was unable to be gainfully employed between November 1, 1983 and April 1, 1984. Referee Arthur L. Piccone reinstated benefits to Claimant for that period in an order dated December 28, 1984. In his decision, Referee Piccone concluded as a matter of law that "Claimant suffers a loss of earning capacity and power whenever it is necessary for him to work out of doors in cold wather [sic], and as a result, *during those periods of time, is entitled to compensation for total disability.*" (Referee Piccone's Conclusion of Law, No. 2) (emphasis added). Accordingly, the referee ordered benefits to commence on November

1. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to the Referee as such and not as Workers' Compensation Judge.

1, 1983; however, Referee Piccone then *terminated* Claimant's benefits on April 1, 1984.[2] Claimant did not appeal the decision.

Claimant filed the present Petition for Reinstatement of Compensation in early May of 1989, alleging that the status of his disability changed on November 1, 1984. Claimant explained that from November 1 to April 1 of each year he was not able to earn full wages because the cold weather weakened the nerves and muscles in his hands and caused them to become very cold and susceptible to frostbite. Accordingly, Claimant sought compensation benefits for the cold-weather months from 1984 until 1989.[3] Employer filed an answer to Claimant's petition requesting proof of Claimant's allegations and arguing that the matter was previously litigated and that Claimant's petition was time barred by the applicable statute of limitations.

Hearings were held before Referee Piccone and Referee J. Joseph Grady.[4] Referee Grady made the following pertinent findings of fact:

2. The December 28, 1984 order of Referee Piccone states in pertinent part:

AND NOW, this 28th day of December, 1984, it is hereby ordered that the Defendant and/or its Insurance Carrier shall pay compensation to Claimant for total disability at the rate of $242.00 per week commencing as of November 1, 1983 and terminating as of April 1, 1984.

3. The record shows that Claimant began work "as a trucker on an indoor basis in the cab" on February 20, 1989. Therefore, the final period would run from November 1, 1988 to February 20, 1989. Also, in June of 1985, Claimant received a real estate license, thereafter working as both a carpenter and a self-employed real estate agent. (R.R. at 12a–14a.)

4. Claimant's Petition for Reinstatement was originally assigned to Referee Piccone, the referee who had issued the 1984 order terminating benefits. Referee Piccone presided over the pre-trial conference and the hearings of March 19, 1990 and May 7, 1991; however, Referee Piccone made no findings of fact. Indeed, at the hearings before Referee Piccone, the only issue that appears to be discussed was the amount of benefits to which Claimant was entitled. Because Claimant testified that he had worked at times during the months in question and the parties had failed to provide Referee Piccone with employment records so that he could calculate the wages owed to Claimant based on those dates Claimant had not worked, Referee Piccone requested at the

8. In support of his Reinstatement Petition the Claimant provided what his counsel represented were computations of loss of wages on behalf of the Claimant for the periods from November 1, 1984 to April 1, 1985; November 1, 1985 to April 1, 1986; November 1, 1986 to April 1, 1987; November 1, 1987 to April 1, 1988; and, November 1, 1988 to February 1, 1989.

9. The Claimant did not present any testimony or any evidence whatsoever that it provided to the Defendant Insurance Carrier at any time subsequent to Referee Piccone's previous December 28, 1984 Decision and Order any wage information reflecting that Claimant had a wage loss and was entitled to compensation for any loss of earning capacity during the months. from November 1st through April 1st in the years dating from 1984 through 1989.

10. The first time that the Defendant was provided any wage information from the Claimant indicating that the Claimant had a loss of earning capacity for those years identified above for the months of November through April was after the Petition for Reinstatement of compensation was filed by the Claimant on May 2, 1989.

close of the hearing that the parties provide him with that information within six weeks. On July 2, 1991, Claimant's attorney provided Referee Piccone with his computations of Claimant's lost wages that totalled $51,242.40. Sometime after this hearing, Referee Piccone retired from his employment before concluding the matter. The case was then reassigned to Referee Grady.

Subsequently, on July 16, 1992, a very brief hearing was held before Referee Grady. The information sent to Referee Piccone by Claimant's attorney regarding Claimant's wages was made part of the record, and Claimant's attorney told Referee Grady that the parties had not settled on the amount owed to Claimant because Referee Piccone had instructed them to return to him with the necessary information and he would determine the amount of benefits to which Claimant was entitled. Employer, however, asked the referee to review a memorandum of law it had submitted for the referee's review, in which it stated that Claimant's reinstatement petition was barred by the statute of limitations because Referee Piccone had previously terminated Claimant's benefits, and the petition had not been filed within three years from the date of the last payment made by Employer. Because Referee Grady found that the claim was time barred, he held no further hearings on Claimant's Petition for Reinstatement.

11. The Defendant did not present any evidence by way of testimony. It has been the Defendant's position since the outset regarding the Claimant's present Petition for Reinstatement that the Claimant's Claim for any benefits is time barred by the Statute of Limitations.

12. In reviewing the entire record in this matter this Referee is left with a previous Decision and Order of retired Referee Piccone terminating Claimant's compensation as of April 1, 1984 by a Decision and Order dated December 28, 1984. The next action on the file is a Petition for Reinstatement of compensation filed by the Claimant on May 2, 1989. Clearly, the present Petition for Reinstatement of compensation was filed beyond the three year Statutory Limitation seeking a reinstatement of compensation benefits. Claimant did not receive any compensation after April 1, 1984. While Referee Piccone did find in his previous Decision of December 28, 1984 that the Claimant suffered a loss of earning capacity and power whenever it was necessary for him to work out of doors in cold weather and thus found Claimant was entitled to compensation for total disability during those periods of time, the Claimant, in the instant case, did not seek or make any claim for any compensation for those periods of time subsequent to April 1, 1984 and through 1989 until the filing of the present Petition for Reinstatement of compensation. As indicated above there is no evidence of record on the present Petition for Reinstatement of compensation that the Claimant ever submitted to the Defendant and/or its Insurance Carrier any wage information to indicate that the Claimant did indeed have a loss of earning capacity during any of these "cold weather" months.

13. This Referee therefore finds that the Claimant has failed to file the instant Petition for Reinstatement of compensation within the mandatory three year Statutory Limitation period inasmuch as the Claimant's compensation was terminated by retired Referee Piccone as of April 1, 1984 by a Decision and Order of retired Referee Piccone dated December 28, 1984 and the present Petition for Reinstate-

ment of Claimant's compensation was not filed until May 2, 1989.

(Referee Grady's Findings of Fact, Nos. 8–13.) Based on these findings, Referee Grady dismissed Claimant's petition concluding that Claimant's Petition for Reinstatement was based on Referee Piccone's previous order terminating Claimant's benefits and was not filed within the three year statute of limitations under Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772. The Board affirmed.

On appeal,[5] Claimant argues that his Petition for Reinstatement was actually a "Review Petition for computation of benefits" (Review Petition) under Section 413(a) of the Act, 77 P.S. § 771, and did not have to be filed within the three year statute of limitations because his benefits had been suspended rather than terminated.[6]

5. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704.

6. The first paragraph of Section 413(a) of the Act governs review petitions and provides in pertinent part:

(a) A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771. Claimant maintains that Referee Piccone's order of December 28, 1984 was materially incorrect in that it terminated his benefits instead of suspending them in accordance with the referee's findings of fact and conclusions of law. Therefore, Claimant contends that his Petition for Reinstatement should be construed as a Review Petition under Section 413(a), for which there is no time limitation.

However, Claimant needlessly recasts his Petition for Reinstatement of Benefits as a Review Petition under Section 413(a); Claimant had no need to resort to such machinations, nor is it necessary for us to undertake this transformation to allow Claimant to maintain his claim. We agree that although Referee Piccone's 1984 order specifically *terminates* benefits, it actually acts only to suspend them because that order recognizes that Claimant suffered from a continuing disability. Because the action is not time barred once we hold that the 1984 order only suspended and did not terminate benefits, the relief Claimant seeks is available through his Petition for Reinstatement.

Central to our determination is whether it is proper to recast an order terminating benefits into one that only suspends benefits. It is a central question because if this court is unable to do so, Section 413(a) of the Act, 77 P.S. 772,[7] prohibiting the reinstatement of benefits more than three years after benefits have been terminated, controls and that ends our inquiry. Under the circumstances here, we must recognize the order at issue for what it really is.

Despite the fact that the 1984 order provides that benefits are terminated, the December 28, 1984 decision is properly characterized as a suspension rather than a termination. By acknowledging that Claimant's condition has not resolved itself, it is obvious from the four corners of Referee Piccone's decision of December 28, 1984 that he intended to *suspend* rather than terminate Claimant's benefits as of April 1, 1984. Further, Referee Piccone determines that Claimant has established that his work-related disability still existed in cold weather and envisions that future benefits will be awarded if Claimant can show that a loss of wages due to his work-related disability is due to his inability to work in cold weather.[8] As such, the referee's order suspended Claimant's

**7.** That portion of Section 413(a) provides:

A referee designated by the department may, at any time, modify, reinstate, suspend or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.... Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*

77 P.S. § 772. (Emphasis added.)

**8.** In addition, Referee Piccone's conduct at the hearing of May 7, 1991 indicates that he intended his December 28, 1984 order as a suspension of benefits. In fact, it is clear from the record that Referee Piccone treated his own order as a suspension of compensation. During the hearing of May 7, 1991, Referee Piccone met with both parties and dealt exclusively with the compilation of records for determining Claimant's loss of earnings due to weather, directing both parties to reach an agreement and submit stipulations on that issue because "I don't ...

benefits rather than terminated them even though so de-
nounced.

Section 413(a) of the Act, 77 P.S. § 772, prohibits the review
of reinstatement petitions when not filed within a three year
period. However, while the first part of Section 413(a) of the
Act precludes reinstatement of benefits unless filed within
three years, that language is not applicable when benefits are
only suspended; instead, the remaining portion of Section
413(a) of the Act would apply. That portion addresses sus-
pended benefits and provides:

> where compensation has been suspended because the em-
> ploye's earnings are equal to or in excess of his wages prior
> to the injury ... payments under the agreement or award
> *may be resumed at any time during the period for which
> compensation for partial disability is payable,* unless it be
> shown that the loss in earnings does not result from the
> disability due to the injury.

77 P.S. § 772. (Emphasis added.) Because Referee Piccone's
1984 order merely suspended Claimant's benefits, Claimant's
claim is not time barred.

The period for which compensation for partial disability is
payable is limited to 500 weeks or 9.6 years from the date

want to do a calculation." (R.R. at 12a.) The following exchange took
place between Referee Piccone and Mr. Kisailus, counsel for Claimant:

The Referee: What is the dispute here? ...
Mr. Kisailus: In 1984, your order provided that Mr. Mazuka was
found to have been permanently disabled in that—and I'm quoting
from your finding—
The Referee: Paragraph 7.
Mr. Kisailus: Paragraph 7 says it all. And his inability from Novem-
ber until the following April each and every year, would be the
[computation] period to determine the amount of time that he lost.
And factored into that, his wages ... that he had earned ... during
that time period to come to a disability time and amount.
In fact, during your [pre-trial] conference, your words were, can the
Petitioner during cold weather periods, November to April of—
The Referee: Right. Is that what we're trying to do now by stipula-
tion?
Mr. Kisailus: That's what we're trying to do now.
The Referee: What seems to be the hang up?
Mr. Kisailus: We do not have ... the records....
(R.R. at 10a–11a.)

benefits are suspended pursuant to Section 306(b) of the Act, 77 P.S. § 512.[9] Because Claimant's petition requesting reinstatement of benefits was filed in May of 1989, and his benefits were suspended in April of 1984, his request is not time barred. Claimant's petition was filed within the requisite 500 weeks and it should not have been dismissed by the Board.

Accordingly, we reverse the order of the Board dismissing Claimant's petition as time barred, and we remand this case for modification of the December 28, 1984 order to suspend rather than terminate Claimant's benefits as of April 1, 1984 and for the computation of benefits based on the period of disability from 1984 to 1989.[10]

## ORDER

AND NOW, this *18th* day of July, 1994, the order of the Workmen's Compensation Appeal Board, dated August 11, 1993, dismissing the Petition for Reinstatement as time barred is reversed and this case is remanded to the Workmen's Compensation Appeal Board to remand to the referee for modification of the December 28, 1984 order to suspend rather than terminate Claimant's benefits as of April 1, 1984 and for the computation of benefits as is consistent with this opinion.

Jurisdiction relinquished.

---

9. 77 P.S. § 512 provides in pertinent part the schedule of compensation for partial disability as follows:

> For disability partial in character (except the particular cases mentioned in clause (c)) sixty-six and two-thirds per centum of the difference between the wages of the injured employe, as defined in section three hundred and nine, and the earning power of the employe thereafter, but such compensation shall not be more than the maximum compensation payable. This compensation shall be paid during the period of such partial disability except as provided in clause (c) of this section, but for not more than five hundred weeks.

10. Because Referee Piccone previously determined that Claimant's ability to perform his normal work is adversely affected by cold weather, computation of Claimant's benefits is based on the rate of pay he would have received during the cold weather months less any earnings for work actually performed during that period of time.