**Pietrange CICCHIELLO, Petitioner,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (FRANK L. MARKEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.
Decided Oct. 25, 2000.

Frank P. Murphy, Norristown, for petitioner.

Joel I. Herzfeld, Philadelphia, for respondent.

BEFORE: DOYLE, President Judge, KELLEY, Judge, NARICK, Senior Judge.

DOYLE, President Judge.

Pietrange Cicchiello (Claimant) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) dismissing Claimant's Reinstatement Petition as being time barred. The issue before us is whether, in determining if Claimant's reinstatement petition was timely filed, we calculate the five-hundred week time bar as beginning on the date benefits were converted from total disability to partial disability or the date that benefits were suspended because work was made available to Claimant, and, if we determine the former, whether Claimant was deprived of the opportunity to have his benefits reinstated where the WCJ circulated his determination after the five-hundred week period had expired. Based on the following rationale, we affirm.

On August 18, 1983, while employed by L. Frank Markel Corporation (Employer), Claimant suffered a work-related strain to his left arm and received total disability

benefits pursuant to a notice of compensation payable. Claimant returned to work on December 8, 1983, and signed a final receipt. Subsequently, Claimant filed a petition to set aside the final receipt and a petition for reinstatement of his total disability benefits in March 1984 and March 1985, respectively. In 1988, a WCJ[1] granted the petitions and reinstated Claimant's total disability benefits as of September 20, 1984, the date when he stopped working. Employer was given a credit for wages paid from July 27 to August 7, 1986, encompassing the period in which Claimant had, again, briefly returned to work.

Employer appealed the WCJ's decision and, in November 1991, additionally filed a petition for modification, alleging that Claimant could return to suitable work that was made available to him on August 22, 1991. Employer later amended the petition to allege that suitable work was available as of May 23, 1991.

In June 1992, the Board affirmed the WCJ's decision reinstating Claimant's total disability benefits, but remanded for the WCJ's consideration of the evidence presented by Employer regarding the availability of suitable work, which the WCJ had failed to consider in his decision. Moreover, the Board allowed the parties to present any additional evidence of change in Claimant's condition. On remand, the WCJ held a hearing and also considered Employer's petition for modification.

In a decision, **circulated on November 17, 1994**, the WCJ accepted as credible the testimony of Employer's medical and vocational experts and the surveillance videotape presented by Employer. The WCJ determined that Claimant was entitled to only partial disability benefits because suitable work was available to him as of March 29, 1985, but Claimant had refused to accept it. The WCJ determined that after Claimant's return to work for nine days in July and August 1986, Employer did not offer him any suitable work. However, he also found that, between May 23, 1991 and July 16, 1991, Employer referred six available positions to Claimant approved by its physician; that one of these positions was a delivery position with Domino's Pizza, which was within Claimant's medical, vocational, educational and linguistic capacities and was available as of May 23, 1991; that Claimant would have earned a weekly wage equal to or in excess of his pre-injury average weekly wage working in that position; and that Claimant failed to apply for any of the available positions in good faith.

Based on these findings, the WCJ modified Claimant's benefits to the partial disability rate of $93.97 per week as of March 29, 1985; suspended Claimant's benefits for the nine days Claimant worked in July and August 1986; reinstated his partial disability benefits thereafter; and then suspended these benefits as of May 23, 1991. Claimant appealed and the Board affirmed the WCJ's decision. Claimant appealed to this Court, which affirmed the Board's decision on March 25, 1997, in an unpublished opinion.[2]

Claimant then filed a Petition for Reinstatement on March 19, 1997, alleging that, as of December 30, 1994, his condition worsened and he could no longer perform the work he allegedly could perform in 1994. Employer filed an answer denying the allegations and raising the statute of limitations as a defense. A hearing was

---

1. Prior to the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626, the role now fulfilled by workers' compensation judges was fulfilled by referees. Claimant's original petition was filed and decided by a referee in 1988. For the sake of clarity and consistency, this opinion will refer to the fact finder in all Claimant's proceedings as WCJ.

2. Due to the paucity of information submitted to this Court for review, we have relied heavily on the unpublished opinion in this previous action to fill the informational gaps in the history of this case.

held on October 9, 1997.[3] The WCJ dismissed Claimant's reinstatement petition on January 6, 1998, on the premise that Claimant's petition was time-barred by § 306(b)[4] and § 413[5] of the Act. Claimant appealed this decision to the Board, which affirmed the decision of the WCJ on July 17, 1999. Claimant's appeal to this Court ensued.[6]

■ Claimant asserts that he was deprived of the opportunity to petition for reinstatement of his benefits because the WCJ circulated his opinion, suspending Claimant's benefits, on November 17, 1994, one week after the statute of limitations had run. We disagree. We initially note that a review of Claimant's Petition to Reinstate Compensation Benefits leaves us uncertain as to whether Claimant is requesting reinstatement of his partial disability benefits, or is requesting reinstatement of his total disability benefits.

■ Section 413 of the Act imposes a statute of repose whereby a reinstatement petition, for partial disability benefits, must be filed within the period for which partial disability is payable in order to be considered timely filed. Section 306(b) of the Act provides the time period within which partial disability is payable and, therefore, within which Claimant must file a petition for reinstatement, that is, five hundred weeks. Where compensation payments are suspended under Section 413, because of no current loss of earnings, as here, payments may be resumed if a petition for reinstatement is filed within the statutory five-hundred week period. *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555, 557 (1993). The five-hundred week statute of repose not only limits a remedy, but also completely and totally extinguishes a

---

3. Claimant and his son testified at the hearing because they were present and the WCJ found it expeditious to permit them to testify. However, no other testimony was taken as the WCJ bifurcated this matter, with the initial determination limited to the issue of the statute of limitations. Because the WCJ determined that Claimant's claim was time-barred, no further hearings were conducted, and no further testimony or evidence was entered in the record.

4. Section 306(b) of the Act states in relevant part as follows:
   For disability partial in character caused by the compensable injury or disease ... compensation shall be paid during the period of such partial disability ... **for not more than five hundred weeks.**
   77 P.S. § 512(1).

5. Section 413 of the Act states in relevant part as follows:
   A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of

any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased ... Provided, That, except in the case of eye injuries, **no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition....** And provided further, That **where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury, that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,** unless it be shown that the loss in earnings does not result from the disability due to the injury.
77 P.S. § 772.

6. This Court's standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

claimant's right to benefits in the first instance. *Lopresti v. Workers' Compensation Appeal Board (Taylor Wharton Company)*, 692 A.2d 629, 631 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied,* 549 Pa. 720, 701 A.2d 580 (1997).

■ Further, the period of limitations is not tolled during the time benefits are suspended. *Goodrich v. Workmen's Compensation Appeal Board (Shenango China),* 165 Pa.Cmwlth. 217, 645 A.2d 302 (1994). Section 413 clearly states that payments may be resumed any time during the period for which compensation for partial disability is payable. 77 P.S. § 512(1). Benefits for partial disability in the instant matter were payable after Claimant's total disability benefits were suspended as of March 29, 1985. Therefore, Claimant had five hundred weeks, or 9.6 years, from **the date of the suspension of his total disability payments** to file a petition for reinstatement (which would have been mid-May of 1994). Claimant filed this petition on March 19, 1997, more than twelve years after his total disability payments were suspended in favor of partial disability payments, and approximately two years and ten months after the five-hundred weeks were exhausted.

We note that our Supreme Court has commented:

[A]n employee who returns to work at wages equal to or greater than his pre-injury wages, and thus has his compensation suspended, is in the same position after 500 weeks, as an employee who ... received compensation for partial disability, i.e., the employer's liability for benefits is terminated.

*Dillon v. Workers' Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 504 n. 3, 640 A.2d 386, 393 n. 3 (1994). In *Stewart v. Workers' Compensation Appeal Board (PA Glass Sand/U.S. Silica and INA/CIGNA WCC),* 724 A.2d 403 (Pa. Cmwlth.1999), *rev'd on other grounds,* 562 Pa. 401, 756 A.2d 655 (2000), we said that the language in Section 413, "after the date of the most recent payment of compensation," when read objectively cannot be viewed to encompass the "most recent payment of compensation," **when the same is also the last payment for partial disability to which a claimant is entitled.** After the receipt of his last payment, a claimant is no longer statutorily entitled to receive partial disability benefits, as the five-hundred week benefit entitlement period has been fully exhausted. Accordingly, we are compelled to hold that, since Claimant's five-hundred week period of partial disability entitlement expired on November 9, 1994, claimant's petition for reinstatement, filed March 19, 1997, if such was for reinstatement of partial disability benefits, was not timely filed within the five-hundred week period commencing March 29, 1985 and that the Board's order dismissing Claimant's appeal should be affirmed.[7]

■ Claimant also relies on the three-year statute of limitations in Section 413, which would permit Claimant to file a petition to reinstate within three years of his most recent payment. Claimant's reliance is misplaced. In *Roussos,* we expressly distinguished the three-year statute of limitations in Section 413 from the five-hundred week statute of repose contained in Section 306(b). We have unambiguously held that Section 413's three-year limitation "is totally inapplicable where there has been a suspension...." *Roussos,* 630 A.2d at 556 (citations omitted). Significantly, then, the three-year extension for filing of modification/reinstatement petitions under Section 413 is inapplicable to

---

7. We also note that according to Claimant's petition for review, Claimant's last benefit payment actually was November 17, 1994, after the expiration of the five-hundred week period. It appears, from the little information provided, that Claimant may have received total disability benefits from September 20, 1984, less the nine days he worked in 1986, until the WCJ's decision in November 1994. If true, there is nothing to reinstate because Claimant would have exhausted his five-hundred weeks of benefits.

reinstatements following suspensions, as here, and is applicable only to reinstatements following a termination of benefits. *Stewart,* 724 A.2d at 406. *See also Deppenbrook v. Workmen's Compensation Appeal Board (Republic Steel Corp.),* 655 A.2d 1072 (Pa.Cmwlth.1995); and *Mazuka v. Workmen's Compensation Appeal Board (Bechtel Power Corp.),* 166 Pa. Cmwlth. 105, 646 A.2d 47 (1994).

Accordingly, because Claimant exhausted his five-hundred week entitlement to partial disability as provided by Section 306(b) of the Act, extinguishing this statutory remedy, and the three-year limitation provision in Section 413 of the Act had no applicability and conferred no right to a resumption of benefits, we affirm.

### *O R D E R*

**NOW,** October 25, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.