# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hahnemann University Hospital, : 
          Petitioner : 
     : 
    v. : No. 578 C.D. 2018
     : Submitted: September 14, 2018
Workers' Compensation Appeal : 
Board (Cooper), : 
          Respondent : 

BEFORE: HONORABLE ROBERT SIMPSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: October 22, 2018**

Hahnemann University Hospital (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) modifying in part the decision of a workers' compensation judge (WCJ). The Board granted a termination of medical benefits for April Cooper (Claimant) relating only to rib and chest injuries. The Board's modification reflected acknowledgment by Claimant and her treating physician, Matthew Marcus, D.C. (Treating Physician) that Claimant fully recovered from those injuries. The Board otherwise affirmed the WCJ's decision denying Employer's termination petitions and granting Claimant's review petition. Upon review, we affirm the Board's order in part and vacate in part.

## I. Background

Claimant worked as an assistant in Employer's intensive care unit (ICU). Reproduced Record (R.R.) at 50a. While helping to lift a patient in October

2014, she felt pain between her shoulder blades and in her left rib area. R.R. at 51a-54a. Pursuant to a notice of compensation payable, Employer unilaterally accepted the injury as a thoracic/chest strain/sprain. R.R. at 358a.

Claimant continued working after her injury, performing light duty work until late December 2014 and returning to her pre-injury position thereafter. WCJ Op., 4/19/17, Finding of Fact (F.F.) No. 1.b. However, Claimant missed time from work because of back pain. Id.

Claimant sought medical treatment from one of Employer's WorkNet panel physicians, Francis Burke, M.D. (Employer's Panel Physician). F.F. No. 1.a. Employer's Panel Physician referred Claimant to Treating Physician, a chiropractor, beginning in November 2014. Id. Claimant also received injections at Spinal Care Pain Associates in the spring of 2015. Id.

By the summer of 2015, Claimant's condition seemed to improve, and Treating Physician attempted to wean her from his care. F.F. No. 2.a. However, her pain returned. Id. In November 2015, she stopped working because of back pain and non-work-related anemia. F.F. No. 1.b. She returned to Treating Physician for further care in February 2016. F.F. No. 2.a. That treatment was ongoing as of the final WCJ hearing in December 2016. F.F. No. 5.a.

Treating Physician did not release Claimant to return to work. R.R. at 63a. She continued to have pain, which improved, but did not cease, with care provided by Treating Physician. Id. However, Claimant testified that she believed

2

she would be able to perform her pre-injury job with Employer.  Id.  In October 2016, Claimant applied for several posted positions with Employer, including her former position in the ICU.  F.F. No. 5.b.  As of the final hearing date in December 2016, Claimant was still not working.  R.R. at 63a.

### A. The Parties' Petitions

Employer filed three termination petitions.  It filed the first termination petition in February 2016 (First Petition), alleging Claimant fully recovered from her work injury as of January 2016.  R.R. at 4a.  Employer supported the First Petition with the opinion of an orthopedic surgeon, Armando Mendez, M.D. (Employer's Orthopedic Expert), who conducted an independent medical examination of Claimant.  Id.

In February 2016, shortly after Employer filed its First Petition, Claimant filed a review petition seeking to amend the description of her work injury to include neck and rib injuries "(resolved)" and thoracic and chest strain and sprain. R.R. at 16a, 20a.

Employer filed a second termination petition in June 2016 (Second Petition).  R.R. at 10a.  In the Second Petition, Employer alleged Claimant fully recovered much earlier, as of December 2014.  Id.  Employer based the Second Petition on an affidavit of recovery by Employer's Panel Physician.  Id.

Also in June 2016, Employer filed a third termination petition (Third Petition).  In the Third Petition, Employer again alleged Claimant fully recovered

from her work injury as of December 2014.  R.R. at 23a.  Employer based the Third Petition on an opinion by Employer's Panel Physician.  WCJ Op., 4/19/17, at 3.

## B. Claimant's Evidence

## 1. Claimant's Testimony

Claimant testified at a hearing before the WCJ in December 2016.  At that time, she stated she continued to experience pain between her shoulder blades.  R.R. at 56a-57a.  She testified she no longer had pain in her rib area, but she could not recall when that pain stopped.  R.R. at 55a-56a.

## 2. Treating Physician's Opinion

Treating Physician began treating Claimant about a week after her injury.  F.F. No. 2.a.  After a period of supportive care, Treating Physician gradually reduced Claimant's treatment.  Id.  However, her back pain returned and she sought further treatment.  Id.  Based on the chronic nature of Claimant's pain, Treating Physician diagnosed a rib injury rather than a chest injury.  F.F. No. 2.c.  He found no neck injury.  F.F. No. 2.e.

As of May 2016, Treating Physician testified Claimant continued to see him twice a week for spinal adjustments and manipulation to help her cope with her pain.  F.F. No. 2.b.  He did not believe Claimant yet reached maximum medical improvement.  F.F. No. 2.c.  He opined she did not fully recover from her work injury.  F.F. No. 2.e.

4

## C. Employer's Evidence

### 1. Opinion by Employer's Orthopedic Expert

Employer's Orthopedic Expert examined Claimant in April 2016. F.F. No. 3.a. He obtained a medical history and reviewed Claimant's medical records and diagnostic studies. F.F. No. 3.a-b.

Employer's Orthopedic Expert stated there was no distinction between Claimant's alleged chest and rib injuries. F.F. No. 3.c. He stated Claimant did not have a neck injury. Id. He opined that Claimant fully recovered from her work injury and could return to work without restrictions. Id.

### 2. Employer's Panel Physician's Opinion

Employer's Panel Physician saw Claimant on the date of her injury. F.F. No. 4.b. At that time, she complained of pain in her chest wall and mid-back. Id. He took her off work for that day and the next day. Id.

Two days later, Employer's Panel Physician saw Claimant again. F.F. No. 4.c. He released her to modified duty. Id. Before he saw her again a week later, Claimant missed two days of work because of pain. Id. He referred her to Treating Physician and continued her on modified duty. Id.

Employer's Panel Physician saw Claimant several more times in November and December 2014 and ordered a thoracic MRI. F.F. No. 4.e. When that study did not provide objective support for Claimant's subjective complaints of pain, Employer's Panel Physician released her for full duty work and discharged her

5

from his care. Id. However, his office notes did not state Claimant fully recovered. F.F. No. 4.f. Notably, despite referring Claimant to Treating Physician, Employer's Panel Physician never reviewed Treating Physician's records. F.F. No. 4.g.

### D. Decisions of the WCJ and the Board

The WCJ issued a decision denying all three termination petitions. She found Employer failed to sustain its burden of proving Claimant fully recovered from her work injury as of either December 2014 or January 2016. F.F. No. 12; WCJ Op., Concl. of Law No. 2. The WCJ found Claimant met her burden to demonstrate a rib injury. Concl. of Law No. 3. Therefore, the WCJ granted Claimant's review petition. Id.

Employer appealed the WCJ's decision to the Board. In an April 2018 decision, the Board found that the WCJ erred by finding Claimant did not recover from her chest and rib injuries, as both Claimant and Treating Physician acknowledged her recovery from those injuries. Bd. Op., 4/3/18, at 6-7. Accordingly, the Board modified the WCJ's decision in part and granted termination[1] as to those injuries. Id. at 7. The Board affirmed the WCJ's decision in all other respects. Id. at 8.

This appeal by Employer followed.

---

[1] The Board did not specify a termination date, nor did it state which petition it partially granted.

6

## II. Issues

On appeal,[2] Employer asserts the WCJ's credibility findings lacked substantial support in the record. Further, Employer argues the WCJ did not issue a reasoned decision relating to her credibility determinations. In addition, Employer contends a remand to the WCJ is necessary to establish the appropriate termination date relating to medical benefits for Claimant's chest and rib injuries.

Claimant responds that the record contains substantial evidence in support of the WCJ's credibility determinations. Further, the WCJ provided a sufficiently reasoned decision. Claimant contends Employer's arguments on these issues essentially ask this Court to reweigh the evidence. Regarding the correct termination date for Claimant's chest and rib injuries, Claimant asserts this Court should simply apply the last date Claimant treated for those injuries.

## III. Discussion

An employer who files a termination petition bears the burden of establishing either that the claimant's disability ceased or that any remaining disability is unrelated to the work injury. Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.), 865 A.2d 991 (Pa. Cmwlth. 2005) (en banc). An employer may satisfy this burden by submitting unequivocal medical evidence that the claimant fully recovered from the work-related injury. Westmoreland Cty. v. Workers' Comp. Appeal Bd. (Fuller), 942 A.2d 213 (Pa. Cmwlth. 2008).

---

[2] Our review in a workers' compensation appeal is limited to determining whether substantial evidence supported the WCJ's findings of fact, whether the WCJ committed an error of law, or whether the WCJ's decision violated constitutional rights. Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.), 176 A.3d 1045 (Pa. Cmwlth.) (en banc), appeal denied, 189 A.3d 385 (Pa. 2018).

Alternatively, an employer may successfully obtain a termination of benefits if it demonstrates that any remaining disability arises from a separate condition and is no longer related to the work injury. Noverati v. Workmen's Comp. Appeal Bd. (Newtown Squire Inn), 686 A.2d 455 (Pa. Cmwlth. 1996). However, we give Claimant, as the prevailing party before the fact-finder, the benefit of every inference reasonably deducible from the evidence. Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53 (Pa. Cmwlth. 2014).

## A. Credibility Determinations

Substantial evidence is evidence a reasonable person might find sufficient to support the WCJ's findings. Id. If the record contains such evidence, this Court will uphold the WCJ's credibility determinations, even though the record may contain conflicting evidence. Id. It is the WCJ's function, as the finder of fact, to resolve inconsistencies in the evidence. Johnson v. Workers' Comp. Appeal Bd. (Abington Mem'l Hosp.), 816 A.2d 1262 (Pa. Cmwlth. 2003). This includes resolution of conflicting testimony by different witnesses. Id. The WCJ may accept or reject, in whole or in part, the testimony of any witness. A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233 (Pa. Cmwlth. 2013). We are bound by the WCJ's credibility determinations. Furnari; A & J Builders.

Employer points to individual pieces of evidence as supporting the credibility of Employer's Orthopedic Expert and Employer's Panel Physician rather than Claimant and Treating Physician. However, Employer's factual argument misapprehends the legal issue before this Court on appeal. Our inquiry is not whether the record would support findings different from those made by the WCJ,

8

but rather, whether there is record support for the findings the WCJ actually made. Furnari; A & J Builders.

Here, the record contains ample support for the WCJ's findings. The WCJ relied on Claimant's demeanor while testifying, as well as Claimant's long-term employment (15 years) with Employer prior to her injury, and her continued efforts to attend work to the extent possible following her injury. WCJ Op., 4/19/17, at 7. This is a proper basis for the WCJ's credibility determination. A WCJ may base a credibility determination solely on a witness's demeanor when the witness testifies live before the WCJ. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043 (Pa. 2003).

The WCJ credited the opinion of Treating Physician, concluding that as the physician who treated Claimant for a long time, he was in the best position to opine concerning the status of her recovery. WCJ Op. at 8. Employer argues Treating Physician was not an orthopedic specialist. However, that fact did not require the WCJ to reject or give less weight to his opinion. A physician is competent to testify concerning a specialized area of medicine even though he is not a specialist in that field. Marriott Corp. v. Workers' Comp. Appeal Bd. (Knechtel), 837 A.2d 623 (Pa. Cmwlth. 2003). Further, a WCJ's acceptance of one medical expert's opinion over that of another does not constitute reversible error. Jenkins v. Workmen's Comp. Appeal Bd. (Woodville State Hosp.), 677 A.2d 1288 (Pa. Cmwlth. 1996). It is a settled principle of law that the WCJ may give greater credence to the opinion of a treating physician than to that of a physician who examines a claimant solely for the purpose of testifying in litigation. Sch. Dist. of

9

Phila. v. Workers' Comp. Appeal Bd. (Hilton), 84 A.3d 372 (Pa. Cmwlth. 2014), aff'd, 117 A.3d 232 (Pa. 2015).

Because the record contains substantial evidence supporting the WCJ's credibility determinations, we will not disturb those determinations on appeal.

**B. Reasoned Decision**

"[T]he purpose of a reasoned decision is to spare the reviewing court from having to imagine why the WCJ believed one witness over another." Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.), 893 A.2d 191, 196 (Pa. Cmwlth. 2006) (citation omitted). To satisfy the reasoned decision requirements of Section 422(a) of the Workers' Compensation Act (Act),[3] a WCJ must set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it. Daniels; Dorsey. When conflicting evidence is presented, the WCJ must adequately explain the reason for rejecting or discrediting competent evidence. Daniels. The WCJ may not reject uncontroverted evidence without reason or for an irrational reason, but must identify such evidence and adequately explain the reasons for its rejection. Id.

To allow effective appellate review where testimony is presented by deposition, the WCJ must articulate an objective basis for a credibility determination. Dorsey. However, we will not second-guess the WCJ's reasons for credibility determinations and will uphold those determinations unless they are arbitrary or capricious. Id. An adverse credibility determination is not a capricious

---

[3] Act of June 2, 1915, P.L. 726, as amended, 77 P.S. §834.

10

disregard of rejected testimony. <u>Williams v. Workers' Comp. Appeal Bd. (USX Corp.–Fairless Works)</u>, 862 A.2d 137 (Pa. 2004).

Here, as discussed above, the WCJ did explain her credibility findings concerning Claimant and Treating Physician. She also explained her finding that Employer's Orthopedic Expert and Employer's Panel Physician were less credible. She observed that Employer's Orthopedic Expert examined Claimant only once. WCJ Op. at 8. Employer's Panel Physician examined Claimant only three times, never opined in his office notes that she fully recovered, and did not complete a physician's affidavit of recovery until well over one year after the last time he examined Claimant. WCJ Op. at 7-8.

The WCJ's decision satisfies the reasoned decision requirements of Section 422(a) of the Act. Because the record contains substantial evidence supporting the WCJ's credibility determinations, we will not disturb them.

## C. Appropriate Termination Date

Employer contends a remand to the WCJ is necessary because although the Board correctly modified the WCJ's decision to reflect the parties' agreement that Claimant recovered from her rib and chest injuries, the Board did not state a specific date for termination of medical benefits relating to those injuries. We are constrained to agree.

Our review of the Board's decision confirms Employer's assertion that the Board did not provide a termination date. Moreover, because the Board modified

11

the WCJ's decision and granted termination for the first time, the WCJ also did not set forth a termination date in her decision. Claimant herself testified that although she no longer has rib pain, she does not remember when that pain stopped. R.R. at 55a-56a. Thus, determining the correct termination date will require fact-finding. The appropriate procedure for this Court in such a situation is to remand the matter to the Board with a direction to remand to the WCJ for a determination of the appropriate termination date. See, e.g., City of Philadelphia v. Workers' Comp. Appeal Bd. (Butler), 24 A.3d 1120 (Pa. Cmwlth. 2011); Mazurka v. Workmen's Comp. Appeal Bd. (Bechtel Power Corp.), 646 A.2d 47 (Pa. Cmwlth. 1994).

The parties suggest different dates for the dates of recovery from rib and chest injuries. See, e.g., Br. for Resp't at 9 (April 27, 2016); Reply Br. for Pet'r at 9 (July 13, 2015; December 29, 2014). We encourage the parties to agree upon the appropriate date for recovery, or at least identify for the WCJ which medical bills are impacted by the various options.

## IV. Conclusion

Based on the foregoing, we remand this matter to the Board and direct the Board to remand to the WCJ for a determination of the termination date for medical benefits relating to Claimant's rib and chest injuries, based on the existing record or on a stipulation by the parties. In all other respects, we affirm the order of the Board.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hahnemann University Hospital,     :
                    Petitioner   :
                                :

        v.                   :   No. 578 C.D. 2018
                                :

Workers' Compensation Appeal   :
Board (Cooper),              :
                    Respondent  :

# **O R D E R**

**AND NOW**, this 22nd day of October, 2018, this matter is remanded to the Workers' Compensation Appeal Board (Board).  The Board is directed to remand to the Workers' Compensation Judge for a determination of the termination date for medical benefits relating to Claimant's rib and chest injuries, consistent with the foregoing opinion.  In all other respects, the decision of the Board is **AFFIRMED**.

     Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge