**Gerald STEHR, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ALCOA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2007.

Decided Nov. 29, 2007.

Lester Krasno, Pottsville, for petitioner.

Dennis Cullen, Lemoyne, for respondent.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Gerald Stehr (Claimant) petitions for review from an Order of the Workers' Compensation Appeal Board (Board) that affirmed the Decision of a Workers' Compensation Judge (WCJ) denying his Reinstatement Petition. We affirm.

Claimant sustained a left fibular fracture in the course and scope of his employment on November 2, 1995. He received $509.00 per week in workers' compensation benefits from November 4, 1995 through January 1, 1996 pursuant to a Supplemental Agreement dated January 4, 1996. Claimant's benefits were suspended effective January 2, 1996 in accordance with that document. He worked thereafter at earnings equal to or greater than his pre-injury wage.

Claimant filed a Reinstatement Petition on September 16, 2005 alleging his injury again caused a decrease in his earning power as of April 25, 2005. By a Decision circulated August 24, 2006, the WCJ denied Claimant's Petition as he failed to file his Reinstatement Petition within five hundred weeks of the date his benefits were suspended as required by Section 413 of the Pennsylvania Workers' Compensation Act (Act),[1] 77 P.S. § 772.

■ Claimant appealed to the Board which affirmed, on alternate grounds, in an Opinion dated May 30, 2007. The Board reasoned that the Reinstatement Petition at issue was untimely because it was not filed within three years of the last payment of compensation. This appeal followed.[2]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by

■ Claimant argues on appeal that his reinstatement petition was timely filed because it was filed within three years of the expiration of the five-hundred week partial disability period.

Section 413(a) of the Act provides, in pertinent part:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased ... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased ... Provided, That, except in the case of eye injuries, **no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition**.... And provided further, That **where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury, that payments under the agreement or award may be resumed at any time during the period for which compen-**

substantial evidence and whether constitutional rights were violated. *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Mkts., Inc.),* 926 A.2d 997 (Pa.Cmwlth. 2007).

**sation for partial disability is payable,** unless it be shown that the loss in earnings does not result from the disability due to the injury. (Emphasis Added)

■ Section 306(b)(1) of the Act, 77 P.S. § 512, indicates that partial disability is payable for a period not to exceed five-hundred weeks. Thus, the period during which partial disability benefits are available is capped at approximately nine and one-half years. *Kiser v. Workers' Compensation Appeal Board (Weleski Transfer, Inc.)*, 809 A.2d 1088 (Pa.Cmwlth.2002). In calculating this five-hundred week period for the purpose of gauging the timeliness of a reinstatement petition, periods of suspension are included with periods where partial disability benefits are paid. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Servey)*, 811 A.2d 114 (Pa.Cmwlth.2002).

When a claimant has received the full statutory allotment of partial disability, he may file a petition under Section 413(a) of the Act within three years of his receipt of the final payment of compensation. *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries)*, 562 Pa. 411, 756 A.2d 661 (2000). If, however, his benefits have been in suspension status, the expiration of the five-hundred weeks operates as a bar to subsequent claims. *Stewart v. Workers' Compensation Appeal Board (Pa. Glass Sand/US Silica)*, 562 Pa. 401, 756 A.2d 655 (2000). *See also Edgewater Steel Co. v. Workers' Compensation*

*Appeal Board (Beers)*, 719 A.2d 812 (Pa.Cmwlth.1998)(holding that while the five-hundred week limitation period could be waived, the employer timely raised the defense); *Deppenbrook v. Workmen's Compensation Appeal Board (Republic Steel Corp.)*, 655 A.2d 1072)(holding that the five-hundred week time period for filing petitions to reinstate after suspension is in contrast with the three-year period established for reinstatements under Section 413 following termination of benefits); *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Ctr.)*, 157 Pa.Cmwlth.584, 630 A.2d 555 (1993)(holding the five-hundred week time period in which a reinstatement petition must be filed is to be calculated as of the effective date of suspension in a prior order, not the date the order was signed). While it is difficult to discern a sound policy reason for distinguishing between employees who were partially disabled but whose post-injury earnings warranted a suspension of benefits and those who were partially disabled and were entitled to partial disability benefits, we cannot disregard the express limitation contained in Section 413(a) of the Act itself.[3] *Stewart*, 562 Pa. at 407, 756 A.2d at 658.

The controlling legal document in this matter is the January 4, 1996 Supplemental Agreement suspending Claimant's benefits as of January 2, 1996. Thus, consistent with *Kiser*, the five-hundred week period that partial disability would have been payable expired on or about July 2,

---

**3.** The Supreme Court, in *Stewart*, acknowledged that such a distinction would appear difficult to maintain in cases where the claimant has received partial disability benefits as well as intermittent periods of suspension status throughout the pertinent five-hundred week period. Consequently, it was careful to state that its Opinion was not an "endorsement of the pertinent reasoning from *Edgewater, Deppenbrook*, and *Roussos*." *Stewart*, 562 Pa. at 407, 756 A.2d at 658. Nonetheless,

Claimant, in the instant matter, was in suspension status during the entire allotment of five-hundred weeks. As such, there is no need to address the concern raised by the Court as to the potential inequities that may arise when an individual has both been in suspension status and received partial disability benefits. This case is squarely governed by the final sentence of Section 413(a) of the Act.

2005. As his benefits were in suspension status, the expiration of the five-hundred weeks barred any further claims.[4] *Stewart.* Claimant did not file the instant Petition until September 16, 2005 and, therefore, it is time barred. As such, the WCJ did not err in denying his Reinstatement Petition. Therefore, the Decision of the Board is affirmed, although we adopt the WCJ's reasoning and not that advanced by the Board.

## ORDER

AND NOW, this 29th day of November, 2007, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

4. Because Claimant's benefits were in suspension status at the time of his allotment to five-hundred weeks of partial disability expired, we disagree with the Board's assertion that his Petition would have been timely had it been filed within three years of the last payment of compensation. That would be the case only if Claimant was indeed receiving partial disability benefits at the expiration of the five-hundred weeks. *Stanek.*