73 A.3d 526

Gina COZZONE, Executrix of the Estate of Andrew A. COZZONE, Appellant

v.

WORKERS' COMPENSATION APPEAL BOARD (PA MUNICIPAL/EAST GOSHEN TOWNSHIP), Appellees.

Supreme Court of Pennsylvania.

Argued Nov. 27, 2012.

Decided Aug. 19, 2013.

24

Quintes D. Taglioli, Esq., Markowitz & Richman, Allentown, for Gina Cozzone, Executrix of the Estate of Andrew A. Cozzone.

Amber Marie Kenger, Esq., Kathryn McDermott Speaks, Workers' Compensation Appeal Board, for Workers' Compensation Appeal Board.

Sharolyn L. Murphy, Dorman & Murphy, LLP, Ottsville, for PA Municipal/East Goshen Township.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Chief Justice CASTILLE.

This appeal presents an issue of statutory interpretation concerning Section 413(a) of the Workers' Compensation Act ("Act"), 77 P.S. § 772: specifically, whether the claimant/appellant[1] should have been permitted to proceed on a post–500–week petition for reinstatement of total disability benefits where he filed that petition within three years of his most recent payment of compensation, a payment which was made pursuant to a post–500–week supplemental agreement, notwithstanding a prior suspension of payments due to his return to work without a loss in earning capacity. In resolving this question, the Court is called upon to determine whether expiration of the 500–week period set forth within the Act (also referred to, *infra*, as a statute of repose) operates as a bar to the assertion of total disability claims by employees who have experienced a suspension of benefits; that determination requires the Court to examine the Commonwealth Court's decisional law in this area. Finally, to properly decide the case, we must examine the effect of payments made pursuant to supplemental agreements upon an otherwise expired workers' compensation claim. The Commonwealth Court below affirmed the Workers' Compensation Appeal Board's ("WCAB") reversal of a Workers' Compensation Judge's ("WCJ") decision granting appellant's reinstatement and penalty petitions. For reasons that follow, we hold that appellant's reinstatement petition was not timely filed. Accordingly, we affirm the order of the Commonwealth Court, albeit for different reasons.

## I.

On January 24, 1989, appellant sustained serious back injuries when he fell through a roof in the course of his employment with East Goshen Township ("Township"). On Febru-

1. Gina Cozzone, executrix of appellant Andrew Cozzone's estate, has informed the Court that appellant is deceased as of May 4, 2012. While Gina Cozzone is substituted for appellant in this case as a technical matter, this Opinion refers to Andrew Cozzone as "appellant" throughout.

ary 6, 1989, the Township issued a notice of compensation payable pursuant to which appellant received total disability benefits until he returned to his pre-injury position on September 20, 1989, with no loss of earnings. Over thirteen years later, on May 19, 2003, the parties entered into an agreement reinstating appellant's total disability benefits from February 24, 2003, to March 17, 2003. His total disability benefits were then reinstated again from June 17, 2005, to August 29, 2005. And on June 20, 2007, his total disability benefits were once again reinstated. On November 27, 2007, appellant began working in a modified-duty position for a different employer as a result of which the parties entered into an agreement on January 7, 2008, reducing appellant's benefits status from total to partial disability. Appellant worked for his new employer until January 24, 2008, at which time he felt that he was no longer capable of performing his modified duties.

On September 26, 2008, appellant filed the underlying reinstatement petition, seeking a modification of his disability status from partial to total disability effective January 24, 2008. On January 25, 2009, the Township ceased making the partial disability payments due according to the January 7, 2008 agreement, raising the issue at a hearing before a WCJ on the following day, January 26, 2009. On February 25, 2009, appellant filed a penalty petition stating that the Township violated the Act by unilaterally ceasing payments. The two petitions were consolidated.

On February 25, 2010, the WCJ granted appellant's reinstatement petition, finding appellant to be credible, and crediting the deposition testimony of appellant's medical expert, a physician board certified in pain management, that appellant was no longer able to perform the modified-duty position upon which his change from total to partial disability status was predicated. The WCJ also granted appellant's penalty petition, concluding that the Township violated the Act by unilaterally ceasing payments due under the January 7, 2008 agreement.[2]

2. In addition, the WCJ determined that the Township was equitably estopped from raising a statute of repose defense, because the Township

After the WCAB reversed the WCJ's decision, the Commonwealth Court affirmed that reversal in a 2–1 split-decision holding that appellant's reinstatement petition was untimely filed beyond the 500–week period for which compensation was payable to appellant under the Act, specifically Section 306(b) of the Act, 77 P.S. § 512, and Section 413(a) of the Act. *Cozzone v. WCAB (PA Municipal/East Goshen)*, 41 A.3d 105 (Pa.Cmwlth.2012). The majority stated:

> [B]ecause [appellant]'s benefits were suspended due to [appellant]'s return to his pre-injury position without a loss of earnings, Section 413(a) of the Act's 500–week statute of repose, not its three-year statute of limitations, governs the outcome of this case. Having been filed beyond the 500–week period, therefore, [appellant]'s reinstatement petition is time-barred by Section 413(a) of the Act's statute of repose.

*Cozzone*, 41 A.3d at 112–13. The court further held that appellant was not entitled to penalties under the Act for his employer's unilateral cessation of payment, because appellant's "right to compensation was completely extinguished by the expiration of Section 413(a) of the Act's 500–week statute of repose[,]" notwithstanding the supplemental agreement dated January 7, 2008, providing for payment of partial disability benefits. *Id.* The court reasoned that under *Sharon Steel Corp. v. WCAB (Myers)*, 670 A.2d 1194 (Pa.Cmwlth.1996), the agreement had no bearing on appellant's right to compensation under the Act, because "a supplemental agreement entered into after the expiration of a statute of repose is void and unenforceable, and cannot resurrect the claimant's claim." *Cozzone*, 41 A.3d at 113 (citing *Sharon Steel*, 670 A.2d at 1197–98).

In the dissenting opinion, Judge (now President Judge) Pellegrini stated his belief that the July 7, 2008, supplemental

had lulled appellant into believing his compensation rights were fully protected by executing various agreements. The Commonwealth Court disagreed, as the Township is not alleged to have done anything to induce appellant to not seek reinstatement while he was actually eligible to do so. Appellant does not raise an estoppel argument before this Court.

agreement remains valid until terminated by supplemental agreement between the parties, a final receipt, or by a WCJ/WCAB order. He noted that he would reverse the WCAB's decision because appellant was last paid on June 20, 2007, and his reinstatement petition was timely filed with respect to that date. *Id.* at 116. The dissenting view does not directly address the Commonwealth Court majority's conclusion concerning prior expiration of the Act's 500–week statute of repose.

## II.

We granted discretionary review recognizing the apparent tension between the Commonwealth Court's opinion and observations in this Court's opinion in *Stewart v. WCAB (PA Glass Sand/US Silica)*, 562 Pa. 401, 756 A.2d 655 (2000). The issues accepted for review are:

(1) Whether the Commonwealth Court erred as a matter of law when it held that appellant's petition to reinstate was barred by § 413(a) of the Workers' Compensation Act, 77 P.S. § 772, when he filed the petition within three (3) years from the last date of payment of compensation paid pursuant to a supplemental agreement, payments were ongoing when appellant filed the petition to reinstate, and East Goshen Township unilaterally ceased payments while the petition was pending?

(2) Whether the Commonwealth Court committed an error of law when it held that East Goshen Township did not violate the Act and thereby denied appellant's penalty petition when the Township unilaterally ceased payment of compensation on January 25, 2009 after it had entered into a supplemental agreement providing for payment of partial disability at the rate of $318.52 effective November 28, 2007 and there was no order of the WCJ or agreement of appellant suspending payment?

## A.

Respecting appellant's first issue, although we do not embrace the reasoning of the Commonwealth Court in its entire-

ty, we agree with its ultimate conclusion that appellant's petition to reinstate was barred by Section 413(a) of the Act, because appellant's statutory right to workers' compensation benefits expired prior to the filing of his reinstatement petition.

The reasoning of the Commonwealth Court majority is relatively straightforward. The court concluded that since appellant's benefits were suspended on September 20, 1989, when appellant returned to his pre-injury position without a loss of earnings, the Township was entitled to a suspension of appellant's compensation payments as of that date, by operation of law, and notwithstanding the lack of any supplemental agreement or WCJ's order establishing that suspension. The court reasoned that given the effective date of the suspension, appellant had until approximately April of 1999, *i.e.*, 500 weeks (or nine and one half years) from the date of the suspension, to file a reinstatement petition before his right to benefits was completely extinguished according to Section 413(a) of the Act. Appellant, however, did not file his reinstatement petition within those 500 weeks, and, in fact, did not file it until September 26, 2008—more than nine years after expiration of the allotted 500–week period. Thus, the Commonwealth Court held, because appellant's reinstatement petition was filed beyond the 500–week period, the petition is time-barred by Section 413(a)'s 500–week statute of repose.

Appellant argues that the Commonwealth Court erred as a matter of law, misinterpreting and/or misapplying Section 413(a) in concluding that his reinstatement petition is barred by the 500–week statute of repose. Appellant notes that he filed his petition within three years of his most recent compensation payment, a filing which is permitted by the plain meaning of the first proviso of Section 413(a), which appellant argues provides a three-year filing window from the last payment of compensation, even if compensation had previously been suspended for a period of time. Alternatively, appellant argues that his petition is not barred by the 500–week statute of repose because the Township voluntarily reinstated compensation subsequent to the expiration date for his claim.

Along these lines, appellant notes that he filed his petition within three years of his most recent payment following reinstatement as required by Section 413(a). In fact, it is undisputed that payments were ongoing at the time of appellant's filing. Therefore, appellant argues, the petition to reinstate was timely filed.

Appellant further contends that the court below overlooked the legislative purpose of Section 413(a), as well as the basis of many of the decisions interpreting and applying Section 413(a). In appellant's view, the objective of the statutory scheme is to grant claimants whose benefits are suspended a longer period within which to file a petition for a change in status than claimants who are neither receiving benefits nor under suspension. To apply Section 413(a) to the detriment of a claimant who was not under a suspension, but was in fact receiving benefits, turns the objective of the statute on its head, according to appellant. He further notes that the common goal of statutes of limitations and statutes of repose is to protect employers from being called upon to defend against stale claims, a concern that is not implicated here because appellant's claim was not stale, given that payments on the claim were ongoing when he filed his reinstatement petition, and that the Township voluntarily reinstated compensation four times. In support of his legislative purpose argument, appellant cites to a footnote from this Court's opinion in *Stewart*, in which Mr. Justice Saylor, writing for a unanimous Court, described the Court's understanding of the interplay of the various provisions of Section 413(a). Because that understanding is central to our ultimate disposition here, we do well to quote the footnote so as to provide a framework for the dispute:

The final sentence of Section 413(a) expressly indicates what is permissible during the 500–week period related to claims in suspension, namely, resumption of benefits. Thus, its primary, direct application is to permit a claimant whose benefits are in suspension to avoid the effect of Section 413(a)'s three-year limitations period applicable to claimants whose benefits have been *terminated* .... Underlying this

substantive effect is a clear and sound policy justification—since a suspension for economic reason benefits an employer, the employer would be ill-heard to complain if a claimant's subsequent loss of earnings power triggers restoration of benefits within the statutory period of eligibility.... Certainly by implication, the statute also requires that periods of suspension be included within the 500–week calculation for purposes of determining when partial disability benefits have expired.... A further inference is required, however, to support the conclusion that all post–500–week claims (including those for total disability) on the part of a claimant whose benefits have been suspended are precluded. Moreover, as noted, this would not appear to be as reasoned an inference, as we perceive no apparent sound policy justification for distinguishing between partially-disabled claimants who have received a full complement of partial disability benefits and those who have experienced some period of suspension, in terms of the effect of the expiration of 500 weeks upon potential future claims.

*Stewart*, 756 A.2d at 658 n. 5 (citations omitted; italics in original).[3]

Appellant acknowledges that the instant case is not completely analogous with *Stewart*, particularly because *Stewart* did not involve a suspension of compensation or an agreement to pay compensation beyond the 500–week period. Appellant nonetheless relies on *Stewart* for the proposition that a claimant has three years to file a petition for reinstatement of total disability compensation, even where the last disability payment coincides with the expiration of the 500–week period.

---

**3.** The *Stewart* Court went on to make plain that it realized that Commonwealth Court decisional authority—such as *Edgewater Steel Co. v. WCAB (Beers)*, 719 A.2d 812 (Pa.Cmwlth.1998), *Deppenbrook v. WCAB (Republic Steel Corp.)*, 655 A.2d 1072 (Pa.Cmwlth.1995), and *Roussos v. WCAB (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993)—had interpreted Section 413(a) otherwise; that we were not resolving that tension in *Stewart;* but that the *Stewart* opinion should not be read as an endorsement of the pertinent reasoning in cases like *Edgewater, Deppenbrook,* and *Roussos. Id.* The case *sub judice* does implicate resolution of that tension.

Appellant also acknowledges the contrary line of Commonwealth Court decisions cited by the court below, which unequivocally hold that Section 413(a)'s three-year statute of limitations provision "is totally inapplicable where there has been a suspension." *See, e.g., USX Corp. v. WCAB (Guthrie),* 132 Pa.Cmwlth. 54, 571 A.2d 1112, 1114 (1990). Appellant argues that those cases are distinguishable because, "none of these cases involve a circumstance where a claimant is attempting to reinstate total disability benefits or partial disability benefits when payments have been made pursuant to a series of supplemental agreements paying both total and partial disability [for] a period of over five (5) years and his petition was filed within three (3) years of both types of payments." Appellant's Brief at 22. Appellant also stresses that the Commonwealth Court's interpretation of Section 413(a) originated in *USX Corporation,* a case where, unlike here, the employer was advocating for application of the three-year limitations period, as opposed to the 500–week statute of repose, arguing that the claimant there was required to file his claim within the shorter three-year time frame.

Ultimately, appellant's core position is that the Commonwealth Court erred by concluding that his prior suspension deprived him of his right to petition for reinstatement of his total disability benefits pursuant to the plain language of Section 413(a)'s proviso allowing for a petition for reinstatement of benefits within three years of the worker's most recent compensation payment. Thus, appellant takes the concern carefully articulated, but not resolved by the Court in *Stewart,* and places it squarely before this Court. Appellant argues that there is "no ... sound policy justification for distinguishing between partially-disabled claimants who have received a full complement of partial disability benefits" and are still permitted to petition for reinstatement of total disability benefits provided they do so within three years of their most recent payment, and claimants who, like appellant, "have experienced some period of suspension, in terms of the effect of the expiration of 500 weeks upon potential future claims." Appellant's Brief at 24 (citing *Stewart,* 756 A.2d at 658 n. 5).

Notwithstanding the expiration of his 500–week period, appellant maintains that he had a continued right to petition for reinstatement of total disability benefits, so long as he filed within three years of his most recent payment, which he did.[4]

The Township counters that the Commonwealth Court correctly concluded that appellant's right to benefits expired in 1999 by reason of Section 413(a)'s 500–week statute of repose which, the Township contends, only "permits a singular period for the running of the 500 week period for which partial [disability] is payable," and "does not permit stacking of limitations periods." Appellee's Brief at 6. The Township explains:

> The plain words of section 413(a) provide for a three-year limitation for purposes of instituting certain litigation, and for a 500–week period during which the receipt of partial disability benefits may be received.
>
> Here, both parties rely upon the plain meaning of the words of Section 413(a) and 306(b) to uphold their positions. Which plain words control depends upon whether the two limitation provisions are mutually exclusive, or subject to stacking.

*Id.* at 8. Thus, to the Township, the controlling question is whether the two relevant provisions of Section 413(a) are properly construed as being mutually exclusive. The Township relies on *Joseph v. Bossert*, 185 Pa.Super. 36, 138 A.2d 256 (1958), a case where the court affirmed a refusal to dismiss a claimant's petition filed more than a year after the

4. In addition, appellant contends that even if his reinstatement petition is barred, the Township should be held to compliance with its own supplemental agreement, pursuant to which it continued to pay partial disability benefits, unless it can show that benefits can be terminated or stopped in a manner consistent with the Act. In appellant's view, periods of suspension do not count against the 500 weeks, and thus, appellant has only received 60 weeks of compensation. We note, however, that decisional law from the Commonwealth Court is to the contrary, *see Cicchiello v. WCAB (Frank L. Markel Corp.)*, 761 A.2d 210, 213 (Pa.Cmwlth.2000) ("the period of limitations is not tolled during the time benefits are suspended"); appellant has forwarded no developed reasoning or criticism to warrant this Court considering and disapproving that precedent; and we did not accept review to consider the point. Accordingly, we offer no view on this particular argument.

most recent compensation payment, because it was filed within the then applicable 300–week period; and *USX Corp.*, 571 A.2d at 1114, a case where a claimant sought reinstatement of benefits during the 500–week period, and the employer sought to have the claimant's filing window limited to three years, with the Commonwealth Court holding that Section 413(a)'s three-year limitation "is totally inapplicable where there has been a suspension." The Township argues that "[t]he exclusivity of the two limitations provisions was crystallized in *USX Corp.*" Appellee's Brief at 10. The Township then cites several Commonwealth Court cases which, it says, unambiguously hold that the two limitations provisions are mutually exclusive. *Id.* at 10–11, citing *Roussos v. WCAB (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555, 557 (1993); *Deppenbrook v. WCAB (Republic Steel Corp.)*, 655 A.2d 1072, 1074–75 (Pa.Cmwlth.1995); *Cicchiello v. WCAB (Frank L. Markel Corp.)*, 761 A.2d 210, 213–14 (Pa.Cmwlth.2000); *Prosick v. WCAB (Hershey Chocolate USA)*, 936 A.2d 177, 181 (Pa.Cmwlth.2007); *Stehr v. WCAB (Alcoa)*, 936 A.2d 570, 572 (Pa.Cmwlth.2007); and *Palaschak v. WCAB (U.S. Airways)*, 35 A.3d 1242, 1249 (Pa.Cmwlth.2012).

The Township highlights the *Stehr* case in particular for the proposition that, given otherwise identical scenarios, a post–500–week petition for total disability benefits unquestionably filed within three years of the last compensation payment will be deemed either timely or untimely based exclusively on whether the claimant's benefits were in suspension status; if so, according to *Stehr*, the final sentence of 413(a) operates as a bar to further benefits under the three-year limitation provision. *Stehr*, 936 A.2d at 573 n. 4. Thus, the Township posits that Section 413(a)'s limitations periods are mutually exclusive, meaning that, here, the 500–week provision necessarily nullifies the prior three-year provision.

The Township further argues that the limitations periods are not subject to "stacking." For this proposition, the Township cites only to *Romanowski v. WCAB (Precision Coil Processing)*, 944 A.2d 127 (Pa.Cmwlth.2008), a case concerning a post–500–week specific loss claim, where the court stated,

without supporting analysis on the point, that: "There is no authority that would allow a claimant to stack the limitations periods in Section 413(a) of the Act." *Id.* at 131. The Township concludes by insisting that, since the two limitations provisions are mutually exclusive and not subject to stacking, the plain language of the latter provision of Section 413(a), establishing the 500–week limit, governs the outcome of this case.[5]

Finally, the Township emphasizes that, given the nature of the 500–week limitation as a statute of repose, the failure to file within that time period extinguishes a claimant's right to file. In support of this proposition, the Township cites *Berwick Industries v. WCAB (Spaid)*, 537 Pa.326, 643 A.2d 1066, 1068 (1994) ("[S]ection 315 is a statute of repose, which completely extinguishes a substantive right where the claimant has failed to file an action to enforce that right within the prescribed period."), and *Sharon Steel*, 670 A.2d at 1197 ("In contrast to statutes of limitations that limit the time in which a party may pursue a certain remedy, statutes of repose completely extinguish a claimant's substantive right, not just the remedy, if he or she fails to claim a right to compensation within the time limits of the statute.").

The issue of the proper construction of the relevant provisions of Section 413(a), including the question of whether the provisions are "mutually exclusive," presents a pure question of law regarding the interpretation of Section 413(a); therefore, our standard of review is *de novo* and our scope of review is plenary. *Newman Development Group of Pottstown,*

---

5. The Township further argues that the 500–week limitation warrants stricter construction than the three-year limitation because the 500–week limitation concerns the running of a benefit for a finite period, which benefit may not be expanded. In suggesting a "less strict" construction of the three-year limitations period, the Township cites to case law concerning whether a claim for disfigurement benefits was time-barred under Section 315 of the Act, 77 P.S. § 602, because it was made eighteen years after termination of the claimant's benefits. The cited case, *Guthrie v. WCAB (Keystone Coal Co.)*, 767 A.2d 634 (Pa. Cmwlth.2001), however, forwards no relevant discussion concerning the 500–week limitations period, let alone any comparative analysis concerning appropriate construction for the limitations provisions of Section 413(a).

*LLC v. Genuardi's Family Markets, Inc.*, 52 A.3d 1233, 1239 (Pa.2012). We hold that the relevant provisions of Section 413(a) are not mutually exclusive; nonetheless, we affirm the decision of the Commonwealth Court on other grounds.

Section 413(a) is entitled "Modification, etc., of notice of compensation available, agreement or award on change in disability of injured person . . ." and it provides, in pertinent part:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Provided, That . . . no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable....

77 P.S. § 772. The period for which compensation for partial disability is payable, generally, is "the period of such partial disability . . . but for not more than five hundred weeks." Section 306(b) of the Act, 77 P.S. § 512(1). What is at issue here is the proper relationship between the two concluding provisos of Section 413(a).

Under the plain language of the statute, a claimant has, at minimum, three years after the date of his most recent

payment within which to file a petition for modification premised upon a change in disability. Where those payments are suspended due to the claimant's return to work without loss in earnings, the claimant's right to file for a modification is extended beyond those three years. A claimant who is no longer receiving workers' compensation payments is allotted some nine and a half years of **potential** entitlement to partial disability payments and during that 500–week time period, payments may be resumed at any time. The statute is silent as to the effect of resumed payments on a claimant's right to petition for a modification following a suspension after an attempted return to work. On its face then, the statute provides for the possibility of modification as long as "a petition is filed with the department within three years after the date of the most recent payment," whenever that payment may be (assuming compensation is in order in the first place). By its plain terms, this right to petition within three years remains in effect even where the right to petition has been extended by operation of the 500–week provision, unless the Township is correct that the 500–week provision somehow operates to nullify, exclude or cancel the operation of the three-year provision. The plain language of the statute, however, contains no such restriction.

Furthermore, we are guided by an elemental direction in the Statutory Construction Act of 1972, specifically 1 Pa.C.S. § 1932, which provides that: "(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things[, and,] (b) Statutes in pari materia shall be construed together, if possible, as one statute." *Id.* Thus, as a fundamental principle, where two parts of a statute relate to the same persons or things, those statutory parts are to be construed and considered concurrently, whenever possible. They are not to be construed as if one part operates to nullify, exclude or cancel the other, unless the statute expressly says so. "[I]f they can be made to stand together[,] effect should be given to both as far as possible." *Kelly v. City of Philadelphia*, 382 Pa. 459, 115 A.2d 238, 245 (1955) (citing Statutory Construc-

tion Act of 1937); *see also Swartley v. Harris*, 351 Pa. 116, 40 A.2d 409, 411 (1944) ("It is a fundamental principle that all statutes *in pari materia*, relating to the same subject, shall be construed concurrently when possible ..."). Here, the two statutory provisions at issue are obviously *in pari materia* as they appear in the same section of the Act and both relate to the rights of workers' compensation claimants to modification upon change in disability. Thus, the two parts are to be read concurrently whenever possible, and to whatever extent possible. Notwithstanding contrary decisional law from the Commonwealth Court, which we will discuss, we find that effect may be given to both parts of Section 413(a) concurrently, and that the parts need not be read as being mutually exclusive of one another, as the Township argues. *See, e.g., Prosick v. WCAB (Hershey Chocolate USA)*, 936 A.2d 177, 183 (Pa. Cmwlth.2007) (applying both limitations provisions concurrently, holding: claimant "petitioned for reinstatement after the expiration of the 500 weeks, as did [the claimant in *Stanek v. WCAB (Greenwich Collieries)*, 562 Pa. 411, 756 A.2d 661 (2000)] but he did not petition for reinstatement within three years after the last receipt of benefits"). Because the three-year provision and the 500–week provision can be read concurrently, under the Statutory Construction Act, they must be read concurrently.

Reading the two provisions concurrently, we hold that under Section 413(a), workers' compensation claimants retain the right to petition for any modification that they hold at the time of any workers' compensation payment, for a minimum of three years from the date of that payment. And, where such payments have been suspended due to a return to work, or an attempted return, without a loss in earnings, Section 413(a) extends that right to petition to the entire 500–week period during which compensation for partial disability is properly payable. In the event that payments are resumed after suspension, workers' compensation claimants continue to retain the right to petition for any modification that they hold at the time of any workers' compensation payment received subsequent to suspension, for a minimum of three years from

the date of that payment. And finally, in the event that a period of suspension comes to an end upon the resumption (or commencement as the case may be) of workers' compensation payments, claimants retain the right to petition for modification as set forth in Section 413(a).

We recognize that today's holding is in tension with a line of decisions in the Commonwealth Court, including decisions handed down after this Court's non-binding explication in *Stewart.* A close examination of this line of cases reaffirms our determination; thus, to the extent that decisions of the Commonwealth Court are in conflict with today's holding, they are disapproved.

In *Stanek,* the Court recognized that workers' compensation claimants have a continued right to pursue **total** disability benefits after exhausting the 500–week entitlement to compensation for **partial** disability, and it addressed the parameters in which such a post–500–week claim might be pursued. 756 A.2d at 668. On the very same day, the Court issued its unanimous decision in *Stewart,* reflecting our awareness of, and expressly questioning the logic of, the line of Commonwealth Court "decisions which interpret the expiration of the 500–week period as a bar to the assertion of total disability claims by employees who have experienced a suspension of benefits (for example, *Edgewater, Deppenbrook* and *Roussos* )." 756 A.2d at 658. Specifically, Stewart questioned whether "such construction" by the Commonwealth Court was solidly grounded in the plain meaning of Section 413(a). The Court did not resolve the question at that time, given the facts and specific legal issue then before the Court, but the Court also was careful to "note that the opinion in this case should not be read as an endorsement of the pertinent reasoning from *Edgewater, Deppenbrook* and *Roussos.*" *Id.* at 658 n. 5.

The Commonwealth Court panel below appears to have misapprehended *Stewart's* caveat, and indeed, has construed the opinion as representing an endorsement of the reasoning set forth in *Roussos. See Cozzone,* 41 A.3d at 112. In addition, other Commonwealth Court panels have addressed the concerns articulated in *Stewart,* both before and after the

decision below, each time persisting in the reasoning of *Edgewater*, *Deppenbrook* and *Roussos*.

Thus, in *Stehr*, which was decided seven years after *Stewart*, the Commonwealth Court considered whether the claimant's reinstatement petition was timely where it was filed within three years of the expiration of the 500–week period. Citing *Stanek* and *Stewart*, along with *Edgewater*, *Deppenbrook* and *Roussos*, the panel reaffirmed that approach:

> When a claimant has received the full statutory allotment of partial disability, he may file a petition under Section 413(a) of the Act within three years of his receipt of the final payment of compensation. If, however, his benefits have been in suspension status, the expiration of the five-hundred weeks operates as a bar to subsequent claims.

*Stehr*, 936 A.2d at 572. The court acknowledged *Stewart's* concern that there is no sound policy reason to distinguish between partially disabled workers whose post-injury earnings warranted suspension of benefits and those who were continuously entitled to partial disability benefits; but the *Stehr* court then stated that "we cannot disregard the express limitation contained in Section 413(a) of the Act itself." *Id.* The court held that the reinstatement petition was barred because the claimant was in suspension status during the entire 500–week period.

In an *en banc* decision filed last year, the Commonwealth Court again reaffirmed its approach. In *Palaschak v. WCAB (U.S. Airways)*, 35 A.3d 1242 (Pa.Cmwlth.2012), the *en banc* panel addressed whether there was a time-bar to a claimant's right to seek total disability benefits, and, alternatively, where the benefit of a modified duty job had been received, whether the right to seek total disability benefits should extend three years from the termination of that benefit. Citing *Stanek* and *Stewart*, the claimant argued that a worker whose partial disability benefits have been suspended should have the same right to seek reinstatement of total disability benefits as a worker whose benefits were not suspended. The Commonwealth Court distinguished *Stanek* and Stewart on their facts, since each involved a claimant who received the full 500 weeks

of partial disability benefits, without suspension, and instead decided that the claims were barred, per the teaching of, *inter alia, Edgewater, Deppenbrook* and *Roussos. Palaschak,* 35 A.3d at 1249.

The *Palaschak* court then recounted the Commonwealth Court's decisions which had addressed *Stewart,* such as *Stehr,* and reiterated the view that the court deemed itself constrained by the plain language of Section 413(a). The court added the following, fuller explanation:

In *Stewart,* the Supreme Court criticized the fact that Section 413(a) gives claimants on partial disability a longer period of time to seek reinstatement than it gives claimants whose disability has been suspended. It may be that the Supreme Court was inviting the legislature to take another look at its policy decision.... In any case, the holding in *Stewart* was that the plain language of Section 413(a) must be followed, and, steadfastly, we have done so. We have declined to deviate from the legislature's express directive that to seek a reinstatement, a claimant on suspension must file his petition within 500 weeks of the payment of compensation.

. . . . .

Our *post-Stewart* jurisprudence has conformed to the principle that where "the words of a statute are clear and unambiguous, this [c]ourt cannot disregard them under the pretext of pursuing the spirit of the statute."

*Palaschak,* 35 A.3d at 1251–52 (italics in original).

*Palaschak* misapprehended this Court's opinion in *Stewart* in stating that we were being critical of Section 413(a), and inviting the Legislature to reassess its policy decision; that characterization gives the appearance that *Stewart* agreed with the Commonwealth Court's construction of the statute, thought the statutory command itself was unfortunate, and invited the General Assembly to revisit the policy decision reflected in the plain language. To the contrary, there is nothing in *Stewart* questioning the logic or policy reflected in Section 413(a). Rather, what was expressly called into ques-

tion by *Stewart* was the Commonwealth Court's construction and interpretation of the statute. Specifically, we addressed whether the unexplained disparity in treatment between claimants represented in the Commonwealth Court's decisional law presented an "appropriate basis for **questioning those decisions** which interpret the expiration of the 500–week period as a bar to the assertion of total disability claims by employees who have experienced a suspension of benefits (for example, *Edgewater, Deppenbrook* and *Roussos* ), since **such construction** is less solidly grounded in the plain meaning of Section 413(a)." *Stewart,* 756 A.2d at 658 (emphasis added). *Stewart* did no more than attempt to provide guidance concerning the proper interpretation of the plain language of the statute.

It is true that *Stewart* did not provide an opportunity for the Court to issue a governing decision which squarely addressed and expressly disapproved, or approved, of cases such as *Edgewater, Deppenbrook* and *Roussos.* But, the serious and careful expression of concern from the highest court in the Commonwealth should have provided an occasion for subsequent panels of the Commonwealth Court, in cases where the issue arose, to consider more closely the underpinnings of its holding that a suspension of worker's compensation benefits bars a claimant from seeking to reinstate total disability after 500 weeks. The case *sub judice* presents this Court with the opportunity to conduct that closer scrutiny. We have already done so with our straightforward statutory analysis above. Our consideration of the basis for the Commonwealth Court's continuing contrary approach confirms our view that there is no such bar.

The decision at the heart of the Commonwealth Court's interpretation is *USX Corporation,* 132 Pa.Cmwlth. 54, 571 A.2d 1112. The later cases such as *Edgewater, Deppenbrook* and *Roussos* either cite *USX Corporation* or other cases which followed its holding. *USX Corporation* itself is a very brief decision and there is no significant development in reasoning in the later cases; they largely consist of the repeated notion that the plain language of the last sentence of

Section 413(a) commands the bar upon seeking total disability reinstatement in the suspension scenario.

In *USX Corporation*, the Commonwealth Court stated that "the three-year limitation bar of Section 413 ... is totally inapplicable where there has been a suspension, which is addressed in the last proviso of Section 413." *Id.* at 1114. Although overbroad, that statement was fitting in its context. There, a claimant was paid benefits pursuant to a supplemental agreement prior to being released to work with a suspension in benefits. The claimant worked for approximately two months thereafter, and was then laid off. Approximately four years and eight months from the claimant's last payment, but only about 242 weeks from the date of suspension, the claimant petitioned for a reinstatement of total disability benefits. The employer argued that the claimant's filing window was limited to three years from the date of the claimant's last payment, notwithstanding the fact that the claimant's partial disability compensation was payable for another 258 weeks under the Act. The court held that the controlling proviso was that which afforded the claimant 500 weeks to petition for reinstatement. Read against its facts, and the issue actually presented—whether the three-year limit or the 500 week limit applied—, the statement in *USX Corporation* that the three-year period was "totally inapplicable" was unexceptional. Plainly, however, *USX Corporation* did not deal with a post–500–week petition for total disability benefits, let alone the scenario wherein payment is made late in the 500–week period and the reinstatement petition is filed within three years of that payment. The later Commonwealth Court decisions that applied the quoted statement in *USX Corporation* to distinct scenarios failed to appreciate the subtlety.

As a result, the later decisions fail to appreciate that the three-year provision in Section 413(a) can have practical application in the event of a compensation payment made late in the 500–week period, such that the remainder of the 500–week period would then become shorter than the three-year period calculated from the claimant's most recent payment. For example, as we understand the statute, giving effect to both

provisions, if a post-suspension claimant receives a workers' compensation payment pursuant to a brief recurrence of total disability 448 weeks after his return to work, while that claimant retains only 52 weeks of eligibility for partial disability benefits, the claimant nonetheless remains entitled to petition for reinstatement of total disability benefits for three years from the date of this most recent payment according to the plain language of Section 413(a). The court in *USX Corporation* did not purport to address this scenario. Moreover, none of the cases in this line advert to Section 1932 of the Statutory Construction Act, 1 Pa.C.S. § 1932, respecting the proper construction of statutes *in pari materia*. In short, the holding in *USX Corporation* may have been correct for the dispute presented there; but the rote application of its summary statement concerning the two different timing provisions in Section 413(a) to distinctly different scenarios in later cases was erroneous.

We now hold that the Commonwealth Court's interpretation of Section 413(a) as automatically barring all post–500–week / post-suspension claims for total disability is mistaken, as the limitations periods set forth in section 413(a) are to be construed and considered concurrently. The provisions of Section 413(a) stand together, not in opposition to one another, and effect must be given to both as far as possible. *Kelly*. Having clarified the proper operation of Section 413(a), we now turn to the facts of the case *sub judice*.

■ Here, appellant was seriously injured on January 24, 1989, and began collecting workers' compensation benefits for total disability as of that date. He returned to work nearly eight months later, on September 20, 1989, earning full pre-injury wages, and thus the Township ceased workers' compensation payments at that time. Appellant continued working without any loss in earnings through his 500–week deadline, which was April 21, 1999. Appellant did not file a reinstatement petition within three years of that date.[6] Because

6. To be clear, Section 413(a) does not authorize the filing of a reinstatement petition within three years of the 500–week deadline; the opera-

appellant did not file a petition for reinstatement during the period for which compensation for partial disability was payable, and he did not file a petition for reinstatement within three years after the date of his most recent payment, appellant no longer retained the statutory right to petition for reinstatement of workers' compensation payments. Indeed, even if appellant had received a payment on the last day of his 500–week statutory period (which he did not), he would have only been entitled to a three-year period from the date of that payment to file his reinstatement petition. In that event, the latest possible date for him to file a timely petition for modification relative to his January 24, 1989 work-related injury would have been April 21, 2002. On that date, however, appellant continued to work without a loss in earnings, and without filing a petition to reinstate total disability benefits. Thus, according to Section 413(a), appellant retained no right to petition for reinstatement, and "no notice of compensation payable, agreement or award [could] be reviewed, or modified, or reinstated."

Appellant nevertheless contends that the Township's reinstatement of his workers' compensation payments for total disability (as of February, 24, 2003) pursuant to a May 19, 2003 supplemental agreement, as well as the Township's reinstatement of total disability payments as of June 17, 2005, the Township's reinstatement of total disability payments on June 20, 2007, and finally, the reinstatement of partial disability benefits pursuant to a January, 2008, supplemental agreement all somehow operated to resurrect appellant's expired workers' compensation rights. We cannot agree.

 Appellant takes the position that the three-year provision of Section 413(a) operates merely as a technical "statute of limitations" (such that the expiration thereof extinguishes the availability of a remedy while the underlying right survives), and that only the 500–week provision operates as "a statute of repose" (such that the expiration thereof actually and permanently extinguishes the very underlying right it-

tive date for the three-year provision is the date of the most recent payment made prior to the filing.

self). Appellant's Brief at 23 n. 9 (citing *Flannigan v. WCAB (Colt Industries)*, 726 A.2d 424 (Pa.Cmwlth.1999)). This assessment is incorrect. Where a statute of limitations pertains to a common law right of action, the expiration of the limitations period does not operate to extinguish the common law right, but only the remedy that may be obtained by the person asserting that right. However, as a general principle, where the right of action arises out of a statute, such as the Workers' Compensation Act, "there is no right of action unless asserted in accordance with the provisions of the statute." *First Pool Gas Coal Co. v. Wheeler Run Coal Co.*, 301 Pa. 485, 152 A. 685, 687 (1930). Therefore, the statutory right of action is inextricably tethered to the provisions of the statute creating that right, including any temporal limitations established therein. Thus, the Superior Court has explained:

The right of action here is created by The Workmen's Compensation Act, which also contains the limitation here being considered. The limitation, therefore, constitutes a statute of repose....

Such statutes are in the nature of conditions put by the law upon the right given.... They bar not only the remedy but the right.

*Overmiller v. D.E. Horn & Co.*, 191 Pa.Super. 562, 159 A.2d 245, 248–49 (1960) (citations omitted); *see also Martin v. Pittsburg Rys. Co.*, 227 Pa. 18, 75 A. 837, 838 (1910) (where statute creates right of action which does not exist at common law, and statute requires filing claim within fixed time period, defendant as to that claim may show that filing was not made within time fixed by statute, and "when this fact is established, the right to recover is defeated"). Similarly, the Commonwealth Court has explained that the limitations periods of the Act are properly understood as statutes of repose because, "the time limitation which governed the right of action was considered to be part of the cause of action, and not merely a procedural limit on a common law remedy." *Steibing v. WCAB (City of Hazleton)*, 665 A.2d 865, 868 & n. 6 (Pa. Cmwlth.1995) ("The running of the three year time limitation in Section 434 of the Act [77 P.S. § 1001] can be tolled by,

*inter alia,* payments of compensation or payments by an employer in lieu of compensation."); *see also Sharon Steel,* 670 A.2d at 1196 n. 2 (also construing Section 434's provision that "a referee ... [may,] at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion").[7]

Therefore, for purposes of determining the effect of the expiration of the limitations periods set forth in Section 413(a), there is no basis in law or logic to distinguish between the three-year limitations period and the 500–week period.

Simply put, the Act provides no mechanism whereby an agreement can create or resurrect a right under the statute, where the statute itself mandates that the right is expired. Consistently, in *Sharon Steel,* the Commonwealth Court held that a claimant's supplemental agreement was void on its face for purposes of the Act because the right to compensation was extinguished prior to execution of the supplemental agreement. 670 A.2d at 1198 ("The limitations provision ... creates a very specific and limited right to receive compensation.... Therefore, nothing ... can act to override or circumvent this clear and limiting right to compensation."). Of course, nothing in the Act constrains an employer from voluntarily compensating a claimant beyond the obligation imposed by the Act; however, the Act does not enable an employer, or the parties, to create a statutory right to relief which does not exist, nor to resurrect any statutory right which has expired according to the terms of the statute. Because appellant's

7. *Accord Harrington v. Mayflower Mfg. Co.,* 173 Pa.Super. 130, 96 A.2d 180, 181 (1953) (construing prior iteration of Section 413(a), which required that reinstatement petitions be filed within one year of most recent payment of compensation; "the provision in § 413 ... is not a technical statute of limitation.... It is strictly a statute of repose which completely extinguishes the right and not merely the remedy ....") (citing *Ratto v. Pennsylvania Coal Co.,* 102 Pa.Super. 242, 156 A. 749, 751 (1931) ("The right which appellants now seek to assert is purely statutory.... We are of [the] opinion that it was [the Legislature's] intent to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and that failure so to do should operate as an absolute bar of the right.")).

right to compensation was extinguished prior to the execution of his supplemental agreements, those agreements are a nullity for purposes of seeking relief under the Act.

Concerning the date on which a claimant's right to compensation under the Act expires, in light of our holding that the limitations periods specified in Section 413(a) must be read concurrently, we note that the three-year limitations period is tolled by payments of, or in lieu of, workers' compensation. Section 413(a) (petition may be filed at any time "within three years after the date of the most recent payment"). Thus, any such payment made at any time prior to the expiration of a claimant's right to workers' compensation will extend the right to petition for reinstatement of total disability benefits. Once the claimant's rights have expired, however, as here, no payment, whether by agreement or misconstruction of the Act, or commendable compassion, can operate to resurrect an expired claim premised upon the Workers' Compensation Act.

In this case, appellant received payments pursuant to supplemental agreements which were executed subsequent to the expiration of his statutory right to compensation. Those payments did not resurrect appellant's expired claims.

## B.

Finally, appellant argues that the Commonwealth Court erred in failing to reinstate the WCJ's penalty award because the Act did not give the Township the right to unilaterally cease compensation payments under his final supplemental agreement without observing the requirements of the Act. Appellant concedes, however, that in seeking penalties under the Act, the burden is on the claimant to prove a violation of the Act in the first place. *Sanders v. WCAB (Marriott Corp.)*, 756 A.2d 129, 132–33 (Pa.Cmwlth.2000). In support of the argument that a unilateral refusal to pay workers' compensation per an existing "agreement" is a violation of the Act, appellant cites *City of Philadelphia v. WCAB (Sherlock)*, 934 A.2d 156 (Pa.Cmwlth.2007), where the Commonwealth Court

noted: "It is well-settled that an employer who is obligated to pay a claimant benefits may cease paying such benefits only when one of [certain] conditions is satisfied...." *Id.* at 160 n. 9; *see also Sheridan v. WCAB (Anzon, Inc.)*, 713 A.2d 182, 186 (Pa.Cmwlth.1998) ("The Employer's unilateral cessation of payments herein violated its pre-existing obligation to pay ..."). The Township, on the other hand, cites *Wyche v. WCAB (Pimco)*, 706 A.2d 1297 (Pa.Cmwlth.1998), for the proposition that no workers' compensation penalties are in order where there is no workers' compensation award. *Id.* at 1300–01 ("[B]ecause the WCJ and Board determined that Claimant was not entitled to basic workers' compensation benefits, which Claimant does not even contest on appeal to this Court, we again hold ... that a $5,000 penalty imposed without a basic award of benefits is inappropriate.").

Here, as explained above, appellant has failed to prove that the Township violated the Act by refusing to continue payments under the final supplemental agreement, which was not enforceable under the Act since appellant's right to compensation expired prior the execution of that agreement. Because no payments were then properly payable to appellant, the Township was not "an employer who is obligated to pay" at that time, and its refusal to pay appellant could not constitute a violation of the Act. Certainly, if an employer unilaterally ceases payments where payment is obligatory under the Act, that employer is properly subject to penalty. Where, however, payment actually ceased to be obligatory under the Act, as in this case, there is no violation in refusing to make payments which, for purposes of the Act, are not required, but gratuitous.

Order affirmed.

Former Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Justices SAYLOR, EAKIN, BAER, TODD and McCAFFERY join the opinion.